People v Mayers (2024 NY Slip Op 50409(U))

[*1]

People v Mayers (Samuel)

2024 NY Slip Op 50409(U)

Decided on March 29, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 29, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2022-332 Q CR

The People of the State of New York, Respondent,
against
Samuel Mayers, Appellant. 

Appellate Advocates (Yaniv Kot of counsel), for appellant.
Queens County District Attorney (Johnnette Traill and Charles T. Pollak of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Denise N. Johnson, J.), rendered April 5, 2022. The judgment convicted defendant, upon his plea of guilty, of common-law driving while intoxicated, and imposed sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), seeking leave to withdraw as counsel.

ORDERED that the appeal is held in abeyance, the application by assigned counsel for leave to withdraw as counsel is granted, and new counsel is assigned pursuant to article 18-B of the County Law to prosecute the appeal;
Mark Diamond, Esq.
P.O. Box 287356
New York, NY 10128 

Relieved counsel is directed to turn over all papers in her possession to the newly assigned counsel. New counsel is directed to serve and file a brief within 90 days after the date of this order and decision. The People may serve and file a respondent's brief within 21 days after the service upon them of the appellant's brief. Appellant's new counsel, if so advised, may serve and file a reply brief within seven days after service of the respondent's brief.
Assigned counsel submitted a brief in accordance with Anders v California (386 US 738 [*2][1967]), contending that there are no nonfrivolous issues that could be raised on appeal. An independent review of the record, however, reveals that a nonfrivolous issue exists pertaining to whether the count in the superseding accusatory instrument charging defendant with common-law driving while intoxicated, to which count defendant ultimately pleaded guilty, was facially sufficient (see People v Mason, 62 Misc 3d 75 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
Accordingly, we hold the appeal in abeyance, grant assigned counsel's application for leave to withdraw as counsel, and assign new counsel to ascertain whether defendant desires to raise the issue set forth above, and to prosecute the appeal on defendant's behalf with respect to this issue or any other issue that can be identified.
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 29, 2024